UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTHEA BEAZER<br><br>    Plaintiff,<br><br>v.<br><br>REBEKAH REHAB & EXTENDED CARE CENTER, KENNETH GELB, CONNIE CAPALDO, and IVAN RAMKHELAWAN-SIN,<br><br>    Defendants. | **NOTICE OF REMOVAL**<br><br>*Electronically Filed* |

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendants REBEKAH REHAB AND EXTENDED CARE CENTER (hereinafter "Rebekeah Rehab"), KENNETH GELB (hereinafter "Gelb"), and CONNIE CAPALDO (hereinafter, "Capaldo") (collectively referred to as "Removing Defendants") – with the consent of counsel for defendant Ivan Ramkhelawan-Sin ("Ramkhelawan-Sin") (Removing Defendants and Ramkhelawan-Sin collectively referred to as "Defendants") – hereby removes to the United States District Court for the Southern District of New York the civil action pending in the Supreme Court of the State of New York, County of Bronx, Index No. 810512/2022E. Removal is premised on federal question jurisdiction. In support of its notice and grounds for removal, Removing Defendants state as follows:

## BACKGROUND

1. On July 18, 2022, Plaintiff Althea Beazer ("Plaintiff") purchased an Index Number and filed a Summons with Notice ("the State Court Action"). A true and correct copy of the Summons with Notice is attached hereto as **Exhibit A**.

2.     Upon information and belief, Plaintiff alleges that on or about November 7, 2022, Rebekah Rehab, Capaldo, and Gelb were served with the Summons with Notice at Rebekah Rehab's place of business. Upon information and belief, Plaintiff further alleges that on or about November 10, 2022, Ramkhelawan-Sin was served with the Summons with Notice at his residence. A true and correct copy of redacted versions of the Affidavits of Service filed by Plaintiff are attached hereto as **Exhibit B**.

3.     The Summons with Notice states, in relevant part, that "the nature of this action is employment discrimination on the basis of Plaintiff's gender and race; sexual harassment, hostile work environment, and retaliation for lawful complaints and discrimination in violation of the New York State Humans Rights Law; and the New York City Human Rights Law." *Id.*

4.     On November 28, 2022, Defendants filed a Notice of Appearance and Demand for Complaint. A true and correct copy of the Notice of Appearance and Demand for Complaint is attached hereto as **Exhibit C**.

5.     Thereafter, at Plaintiff's request, the parties stipulated to an extension of time for Plaintiff to file a Complaint. A true and correct copy of the Stipulations Extending Time to File a Complaint are attached hereto as **Exhibit D**

6.     On January 6, 2023, Plaintiff filed a Complaint. A true and correct copy of the Complaint is attached hereto as **Exhibit E**.

7.     Within the Complaint, Plaintiff alleges that she is a former employee of Rebekah Rehab and alleges that she was "subjected to race discrimination, gender discrimination, unequal pay, and retaliation, which ultimately resulted in her constructive termination[.]" *Id.*, at ¶¶ 7, 9.

8.     This Court has original jurisdiction, since the Complaint arises, in part, under Federal law pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

9. Specifically, within Count One of the Complaint, Plaintiff alleges violations of and seeks relief pursuant to 42 U.S.C. § 1981. *See* **Ex. E**, at ¶¶ 124-129.

10. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over the remaining Counts within the Complaint, which also arise in relation to the alleged employment relationship between Plaintiff and Rebekah Rehab. *Id.*, at ¶¶ 130-167.

11. On January 26, 2023, Plaintiff filed an Amended Complaint. A true and correct copy of the Amended Complaint is attached hereto as **Exhibit F**.

12. The Amended Complaint also alleges violations of and seeks relief pursuant to 42 U.S.C. § 1981 (*See Id.*, at ¶¶ 144-149) and the same state law causes of action as were identified within the original Complaint (*See id.,* at ¶¶ 150-187).

13. On February 6, 2023, a Consent to Change Attorney and Substitution of Attorney were filed in the State Court Action, with a new attorney entering an appearance on behalf of Ramkhelawan-Sin. A true and correct copy of the Consent to Change Attorney and Substitution of Attorney are attached hereto as **Exhibit G**.

14. Counsel for Ramkhelawan-Sin consents to this Notice of Removal.

15. In accordance with 28 U.S.C. § 1446(b), Fed. R. Civ. P. 6(a)(1), and Local Civ. R. 6.4, this Notice of Removal is timely filed within thirty (30) days of service of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Specifically, the Complaint filed on January 6, 2023 was the first pleading or other paper served from which it could first be ascertained that the case was one which was removable.

## **CONCLUSION**

16. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it arises under 42 U.S.C. § 1981.

17. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the State Court Action are attached hereto in Exhibits A-G.

18. In accordance with 28 U.S.C. § 1446(b)(2)(A), counsel for Defendant Ivan Ramkhelawan-Sin consents to the removal to this Court.

19. In accordance with 28 U.S.C. § 1446(d), Removing Defendants will, upon filing of this Notice of Removal, furnish written notice to Plaintiff and will file and serve a copy of this Notice with the Clerk of the Supreme Court of New York, County of Bronx via electronic process.

20. By filing this Notice of Removal, Removing Defendants do not waive any defenses, including without limitation, lack of personal jurisdiction and all defenses specified in Fed. R. Civ. P. 12, or any other defense. Additionally, any recitations herein of the alleged facts contained within the Complaint and/or Amended Complaint are not adoptive admissions.

WHEREFORE, Removing Defendants, with the consent of counsel for Defendant Ivan Ramkhelawan-Sin, give notice that that above-captioned action now pending before them in the Supreme Court of the State of New York, County of Bronx under Index No. 810512/2022E is removed to this Court.

Dated: February 6, 2023
Newark, New Jersey

Respectfully submitted,

WALSH PIZZI O'REILLY FALANGA, LLP

By:   /s/ *David D. Cramer*
David D. Cramer (DC0130)

Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102

140 Broadway, 46th Floor
New York, New York 10005

Tel.: 973-757-1021
dcramer@walsh.law

*Attorneys for Defendants Rebekah Rehab & Extended Care, Connie Capaldo, and Kenneth Gelb*